# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Justice;<br>Office of Probation and Parole; Chief<br>Officer Kevin D. Lowry, in his individual<br>and official capacity; and Matthew G.<br>Tveite, United States Probation Officer,<br>in his official capacity;<br><br>    Defendants. | Civ. No. 09-846 (JRT/JJK)<br><br><br><br>**REPORT AND<br>RECOMMENDATION** |

Timothy Jackson, #13009-041, CCM Minneapolis, Community Corrections Office, 300 South Fourth Street, Suite 1210, Minneapolis, MN 55415, *pro se.*

Mary J. Madigan, Esq., Assistant United States Attorney, counsel for Defendants.

JEFFREY J. KEYES, United States Magistrate Judge

  This matter is before this Court on Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 10). The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that Defendants' motion be granted and this action be dismissed with prejudice.

## BACKGROUND

  Plaintiff has brought this civil rights action under 42 U.S.C. § 1983. He is a federal prisoner, currently incarcerated in the United States Penitentiary in

Atlanta, Georgia, who was committed to the Bureau of Prisons ("BOP") in August 2007 by Honorable Ann D. Montgomery for his conviction of an offense for distribution of a controlled substance. (*See United States v. Timothy Jackson*, Crim. No. 06-264 (ADM/FLN), Doc. No. 30.) In this action, he claims that the Defendants violated the Privacy Act, 5 U.S.C. § 552a, when they failed to revise portions of his Presentence Investigation Report ("PSI") as he had requested. He asserts that the PSI references a robbery of which he was never convicted. This has allegedly caused the BOP to house him in a higher-security-level prison, deprived him of certain more lucrative jobs while in prison, and prevented him from participating in long-term drug treatment that could reduce his sentence. (Doc. No. 1, Compl. 4-5.)

The PSI, which was submitted to Judge Montgomery, contained a narrative description of a complaint against Plaintiff in 1999 in Hennepin County District Court, case no. 99031802, and made reference to a robbery. (*See* Compl. 4; Doc. No. 2, Pl.'s Mem. of Law in Supp. of 42 U.S.C. § 1983 ("Pl.'s Mem.") 4-5; Doc. No. 12, Decl. of Mary Jo Madigan ("Madigan Decl.") ¶ 3, Ex. A.) In case no. 99031802, Plaintiff pled guilty to the crime of First Degree Possession of a controlled substance. (Pl.'s Mem. 6.) In the Offense portion of the complaint in case no. 99031802, there was no robbery charge, however, the complaint mentioned that "'[o]n April 2, 1999 . . . [officers] were flagged down by the victim of a robbery. The victim of the robbery directed the officers' attention

to a person he indicated was one of the robbers.'" (*Id.*) At the time the PSI was accepted by Judge Montgomery in August 2007, Plaintiff did not object to the mention of robbery in case no. 99031802 that was included in his PSI. (Madigan Decl. ¶¶ 3-5, Exs. A-C.)

Following his sentencing and commitment to the BOP, Plaintiff wrote to Matthew Tveite, Senior United States Probation Officer in the District of Minnesota, and requested a revision of the PSI to remove the reference to the robbery. (*See id.* ¶ 3, Ex. A.) Mr. Tveite reviewed the PSI and determined that the narrative description was an accurate reflection of the complaint in the Hennepin County case. (*Id.*)

Plaintiff, thereafter, corresponded with the Hennepin County District Court Clerk's Office and received a letter from the Senior Court Clerk, which said that she had checked Plaintiff's court record and could find nothing to say he was involved in a robbery. (Pl.'s Mem. 5.) Mr. Tveite then investigated this matter and asked the Hennepin County Senior Court Clerk to again review the record. (*See* Madigan Decl. ¶ 4, Ex. B.) The Senior Court Clerk did, and on November 12, 2008, wrote to Plaintiff stating that she had reviewed the file and that the complaint in case no. 99031802 did, in fact, reference a robbery. (Pl.'s Mem. 6.) She explained that the complaint in case no. 99031802 included the narrative description of the robbery victim's identification of Plaintiff as "one of the robbers," but that the complaint in that case did not charge him with any robbery

offense and no other mention of robbery appeared in the case file. (*Id.*) However, she explained that, in connection with the incidents underlying case no. 99031802, Plaintiff was charged with illegal possession of a controlled substance. (*See id.*) After Mr. Tveite received the response from the Hennepin County Clerk's Office confirming the accuracy of the information contained in the PSI's narrative description, Mr. Tveite "consulted with Judge Montgomery and indicated [that he] planned to respond to Mr. Jackson that the PSI would not be revised. Judge Montgomery approved this course of action." (Madigan Decl. ¶ 5, Ex. C.)

## DISCUSSION

### I.  Standard of Review

Defendants have now moved for dismissal of this action pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 10). Defendants also move, alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. No. 10.)

#### A.  Motion to Dismiss Standard

In deciding a motion to dismiss for failure to state a claim, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*,

183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the United States Supreme Court reiterated that: "A pleading that offers 'labels and conclusions' or a 'forumlaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

In deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the applicable standard of review is essentially the same as for failure to state a claim under Rule 12(b)(6). *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

### B. Summary Judgment Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine

issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Id.* at 255.

## II.     Legal Analysis

Plaintiff has submitted no response to the Defendants' motion and, thus, is in default, and the relief requested in the motion could be granted on that basis. (*See* Doc. No. 15, Pretrial Scheduling Order ("If any party fails to respond to a [dispositive] motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted."). *See also* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and

supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

Rather than relying on Plaintiff's default, however, this Court has reviewed the merits of Defendants' motion under the dismissal standards of Rule 12 and Rule 56. With respect to its review under Rule 12, the Court has given the Complaint the liberal construction granted to *pro se* pleadings, but kept in mind that even *pro se* pleadings must plead sufficient facts to state a claim for which relief can be granted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (explaining that when reading a *pro se* complaint, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," but does not "assume facts that are not alleged"). And in reviewing Defendants' motion as one for summary judgment, the Court has carefully reviewed, on the merits, all of the evidence proffered by Defendants to confirm that Defendants have sustained the burden of showing that summary judgment is appropriate. *See* Fed. R. Civ. P. 56(c) (noting that summary judgment is appropriate if all the materials on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"). The Court has done so, however,

7

cognizant of the fact that the opposing party may not avoid summary judgment by simply relying on an unsubstantiated pleading to create triable issues and avoid summary judgment. Rather, the opposing party must show through admissible evidence that specific, material facts are in dispute such that resolution at trial is required. *See* Fed. R. Civ. P. 56(e)(2).

   A.   **Motion to Dismiss**

In his Complaint, Plaintiff seeks amendment of his PSI, attorney fees or litigation costs, and damages for the alleged violations of the Privacy Act. (Compl. 5.) To the extent the Complaint seeks such remedies against the Probation Office or the probation officers, it should be dismissed because, as the Defendants argue, the Privacy Act authorizes civil remedies for the improper maintenance of records against only by an "agency of the United States." 5 U.S.C § 552a(g)(1). The judicial branch, however, is not an agency of the United States, and the courts of the United States are expressly excluded from the definition of the word "agency." 5 U.S.C. § 551(1)(B). The United States Probation Office is an arm of the United States Courts, and it is exempted from the mandates of the Privacy Act. *See, e.g., United States v. Chandler*, 220 F. Supp. 2d 165 (E.D.N.Y. 2002) (noting that the United States Courts are expressly exempted from the term agency as used in the Privacy Act and that the Probation Department is an arm of the United States District Courts). Thus, no cause of action exists against the Probation Office because it is not an agency of

the United States within the meaning of the Privacy Act.  Similarly, because Defendants Lowry and Tveite (in either their individual or official capacities) are not "agencies" of the United States, no cause of action under the Privacy Act exists against them.

With respect to his request for damages, Plaintiff has not plead any facts to suggest that any agency acted in a manner which was intentional or willful.  Such intentional or willful conduct is required for a damages claim under the Privacy Act.  5 U.S.C. § 552a(g)(4) (providing for damages only in situations where it can be shown "that the agency acted in a manner which was intentional or willful").  *See also Brown*, 498 F. Supp. 2d at 301-02 ("In a civil suit filed pursuant to 5 u.S.C. § 552a(g)(1)(C), if the agency's actions were willful or intentional, the court may award actual damages sustained by the individual as a result of the agency's recordkeeping deficiencies.").  Plaintiff has merely stated that "[t]he actions of the defendants stated in the compliant [sic] were and are willignfully [sic] and intentionally done all in violation of the privacy act." (Compl. 4.)  As noted above, conclusory allegations that merely parrot the elements of a claim, even if made by a plaintiff proceeding *pro se*, are insufficient to survive a motion to dismiss for failure to state a claim.

Finally, with respect to any of Plaintiff's claims for relief against any Defendant, the allegations set forth in Plaintiff's Complaint are wholly conclusory, and Plaintiff has not sufficiently plead facts to state a claim for which relief can be

granted. *See* Fed. R. Civ. P. 12(b)(6). The Complaint includes a number of formulaic recitations of the elements of a Privacy Act offense, but it is otherwise incredibly thin on facts. Its substance includes only three allegations: (1) that Defendants failed to remove a false robbery charge from his PSI; (2) that their actions violated his privacy; and (3) that he has proven that he was never charged with a robbery. The first and third of these allegations are insufficient to state a claim under the Privacy Act because the BOP's regulations exempt presentence reports from the Act's provisions that permit civil suits to enjoin the amendment of agency records. *See Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 302 (D.D.C. 2007) (noting that the BOP has promulgated regulations exempting its Inmate Central Records System from the amendment and remedy provisions of the Privacy Act and citing 28 C.F.R. §§ 16.97(a)(4), (b)(3)). The second of these allegations is another entirely conclusory assertion that cannot survive a motion to dismiss. *Cf. Dorman v. Higgins*, 821 F.2d 133, 137, 139 (2d Cir. 1987) (noting that even if the court had not dismissed allegations against probation officers on absolute-immunity grounds, a conclusory allegation that a presentence report was false was insufficient to state a claim).

For all the foregoing reasons, Plaintiff has failed to state a claim against any Defendant, and Defendants' motion to dismiss should be granted.

    **B.**    **Summary Judgment**

Assuming that Plaintiff has sufficiently plead facts to overcome

Defendants' motion to dismiss, and even if he could bring a claim under the Privacy Act against the United States Probation Office and the probation officers he has named as Defendants here, he has not come forward with any admissible evidence to respond to the proof submitted in support of Defendants' alternatively filed summary-judgment motion.  That proof conclusively shows that there is no triable issue because the PSI contained an accurate narrative description of the events underlying Plaintiff's criminal background.  The affidavits and exhibits submitted by Defendants demonstrate that the only reference to a robbery in Plaintiff's PSI accurately reflected a narrative description of an incident in Hennepin County.  The record also shows that Plaintiff failed to contest the inclusion of that information in the PSI that was presented to Judge Montgomery at his sentencing.  Nothing in the record provides a basis for a reasonable jury to conclude otherwise.  Thus, no genuine issue of material fact exists requiring resolution at trial, and Defendants are entitled to judgment as a matter of law on Plaintiff's claims for damages and injunctive relief.  Defendants' motion for summary judgment should therefore be granted.

## D.  RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss or for Summary Judgment (Doc. No. 10), be **GRANTED**; and

    2.    This action be **DISMISSED WITH PREJUDICE**.

Dated: November 13, 2009

                                                *s/ Jeffrey J. Keyes*
                                               JEFFREY J. KEYES
                                               United States Magistrate Judge

Under D. Minn. Loc. R 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 1, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.